**Robert H. SPEER, Jr., Plaintiff–Appellant,**

v.

**Zell MILLER, as Governor of Georgia, and Michael Bowers, as Attorney General of Georgia, Defendants–Appellees.**

**No. 92–8999.**

United States Court of Appeals, Eleventh Circuit.

March 7, 1994.

---

Paul Christopher Munger, Office of Paul C. Munger, Atlanta, GA, for plaintiff-appellant.

Michael Bowers, Stephanie B. Manis, Mark H. Cohen, Office of State Atty. Gen., Atlanta, GA, for defendants-appellees.

Before BLACK, Circuit Judge, FAY *, Senior Circuit Judge, and UNGARO–BENAGES **, District Judge.

FAY, Senior Circuit Judge:

Robert H. Speer, Jr. ("Speer") filed an action in the United States District Court for the Northern District of Georgia seeking a permanent injunction against the enforcement of O.C.G.A. § 35–1–9.[1] Speer challenged the statute entitled "Inspecting or copying records of law enforcement agency for commercial solicitation prohibited; penalty" both facially and as applied to him on first and fourteenth amendment grounds. The District Court dismissed Speer's first amendment count and, while recognizing his equal protection claim, denied Speer's motion for a preliminary injunction. He appeals that denial. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). Because we hold that the District Court erroneously dismissed Speer's first amendment claim and that he has a good likelihood of prevailing on the

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Ursula Ungaro–Benages, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. Speer also challenged O.C.G.A. § 50–18–70(d) in the District Court. However, due to subsequent amendments to that section, Speer dismissed that claim as moot.

merits, we VACATE the District Court's order and REMAND for further proceedings consistent with this opinion.

## I. FACTS

Speer is an attorney licensed to practice in Georgia. He primarily practices criminal law. Speer obtains most of his clients through inspecting public records and sending advertisements to those persons who are likely in need of an attorney's services. He had access to the records under O.C.G.A. § 17–4–27.[2]

In 1991, the Georgia legislature passed O.C.G.A. § 35–1–9 which states:

Inspecting or copying records of law enforcement agency for commercial solicitation prohibited; penalty.

(a) It shall be unlawful for any person to inspect or copy any records of a law enforcement agency to which the public has a right of access under paragraph (4) of subsection (a) of Code Section 50–18–72 for the purpose of obtaining the names and addresses of the victims of crimes or persons charged with crimes or persons involved in motor vehicle accidents or other information contained in such records for any commercial solicitation of such individuals or relatives of such individuals.[3]

(b) The provisions of subsection (a) of this Code section shall not prohibit the publication of such information by any news media or the use of such informa-

tion for any other lawful data collection or analysis purpose.

(c) Any person who violates any provision of subsection (a) of this Code section shall be guilty of a misdemeanor.

Following the passage of this law, several law enforcement agencies would not allow Speer to inspect various records which were otherwise available to the general public and the media. Speer claims that the enforcement of O.C.G.A. § 35–1–9 causes him economic hardship and challenges its enforcement on first and fourteenth amendment grounds.

## II. DISCUSSION

### A. STANDARD OF REVIEW

■ We review the District Court's denial of a preliminary injunction under an abuse of discretion standard. However, if we find that the District Court has misapplied the law, its conclusions are subject to broad review. *E. Remy Martin & Co. v. Shaw–Ross International Imports*, 756 F.2d 1525, 1529 (11th Cir.1985).

### B. JURISDICTION

■ Generally, "[a] litigant's right to appeal interlocutory injunctions only goes to the injunction itself, and he cannot force consideration of the merits of the underlying case except as necessary to review the injunction." *Cable Holdings of Battlefield, Inc. v. Cooke*, 764 F.2d 1466, 1472 (11th Cir.1985) (citation omitted). However, "[i]t is true that in reviewing interlocutory injunc-

---

**2.** O.C.G.A. § 17–4–27 states:

It shall be the duty of all sheriffs, chiefs of police, and the heads of any other law enforcement agencies of this state to obtain, or cause to be obtained, the name, address, and age of each person arrested by law enforcement officers under the supervision of such sheriffs, chiefs of police, or heads of any other law enforcement agencies of the state, when any such person is charged with an offense against the laws of this state, any other state, or the United States. The information shall be placed on appropriate records which each law enforcement agency shall maintain. The records shall be open for public inspection unless otherwise provided by law.

**3.** O.C.G.A. § 50–18–72(a)(4) states, in relevant part:

(a) Public disclosure shall not be required for records that are: ...

(4) Records of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity, other than initial police arrest reports, accident reports, and incident reports; provided, however, that an investigation or prosecution shall no longer be deemed to be pending when all direct litigation involving said investigation and prosecution has become final or otherwise terminated; ...

tions we may look to otherwise nonappealable aspects of the order...." *Id., citing Gould v. Control Laser Corp.,* 650 F.2d 617, 621 n. 7 (5th Cir.1981). Because we construe § 1292(a)(1) narrowly, *Gould,* 650 F.2d at 621, there are few instances where we review that which technically falls outside the four corners of the order granting or denying injunctive relief. This case is one of those instances.

Here, Speer's motion for preliminary injunction and his memorandum in support thereof challenged O.C.G.A. 35–1–9 on both first amendment and equal protection grounds. The District Court subsequently granted the state's motion to dismiss *only* as to the first amendment challenge and allowed his equal protection challenge to stand. The District Court then went on to discuss the propriety of granting a preliminary injunction solely on equal protection grounds. After finding that Speer failed to show a substantial likelihood of success on the merits, the District Court denied him relief.

Under *Cable Holdings,* the mere fact that the District Court disposed of Speer's first amendment claim by way of the state's motion to dismiss does not absolutely foreclose our review of the question. An integral part of the District Court's denial of the preliminary injunction was its decision that Speer failed to state a cognizable first amendment challenge. We have the discretion to reach the merits of the first amendment issue because it is so "closely related to the interlocutory order being appealed." *Callaway v. Block,* 763 F.2d 1283, 1287–88 n. 6 (11th Cir.1985). Indeed, it was the primary ground urged in support of the request for injunctive relief. Because we find clear error in that decision, we subject the purely legal

first amendment question to our broad review. *Remy Martin,* 756 F.2d at 1529.

## C. PRELIMINARY INJUNCTION [4]

 A first amendment challenge is appropriate where a state prohibits the use of public records by one who wishes to engage in non-misleading, truthful commercial speech. *See Innovative Database Systems v. Morales,* 990 F.2d 217 (5th Cir.1993).[5] Advertisements by lawyers fall within this protected category. *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Statutes that restrict commercial speech must directly advance a substantial government interest and the state bears the burden of justifying its restrictions. *Shapero v. Kentucky Bar Assn.,* 486 U.S. 466, 472, 108 S.Ct. 1916, 1921, 100 L.Ed.2d 475 (1987); *Fane v. Edenfield,* 945 F.2d 1514, 1518 (11th Cir.1991), *aff'd.,* — U.S. —, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993). A mere reading of this statute indicates that it probably impinges upon Speer's commercial speech. Because of the procedures followed in the District Court, however, the state had no opportunity to develop its interest in the area.

Because it appears that Speer is likely to prevail on the merits and because we conclude that the District Court should review the request for injunctive relief upon both first amendment and equal protection grounds, we remand this matter for a hearing. Of course, Speer and the state should both be allowed to develop the issues fully.[6]

## III. CONCLUSION

The District Court's order is VACATED and the matter is REMANDED for reconsid-

---

4. As stated in the District Court order, a plaintiff moving for a preliminary injunction must show:

 (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) its own injury outweighs the injury to the nonmovant; and (4) the injunction would not disserve the public interest.

 *Haitian Refugee Center, Inc. v. Baker,* 949 F.2d 1109, 1110 (11th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1245, 117 L.Ed.2d 477 (1992).

5. Many of us might agree with the attempt by the Georgia legislature to upgrade the conduct of the state's lawyers but in today's world such is probably beyond its jurisdiction.

6. Because the nature of this challenge is such that there is very little room or necessity for factual development, we hope counsel can stipulate to the consolidation of the preliminary and permanent injunction hearings into one final proceeding to dispose of all of the questions as efficiently as possible.

eration after a plenary hearing.[7]

VACATED and REMANDED.

7. We note that any privacy arguments the state asserts are disingenuous in light of the fact that the statute carves out an exception for the media to place any information they obtain on the front page of any newspaper in Georgia.