Stephen AMELKIN, D.C., et al., Plaintiffs,

v.

COMMISSIONER, DEPARTMENT OF STATE POLICE, et al., Defendants.

Stephen AMELKIN, D.C., et al., Plaintiffs,

v.

JEFFERSON COUNTY, KENTUCKY, et al., Defendants.

JUSTICE CABINET, Department of State Police, et al., Plaintiffs,

v.

David KAPLAN, Defendant.

Nos. 3:94CV-360-A, 3:95CV-22-A.

United States District Court, W.D. Kentucky.

June 3, 1996.

ate Bill 351, and seek an injunction granting them access to vehicle accident reports which are filed with the Department of State Police. Defendants desire to keep the reports from those in plaintiffs' position, relying on the confidentiality features of KRS 189.635, as amended. Subsection 5 of the statute provides, in essence, that accident reports shall remain confidential subject to an exception that the Department of State Police may disclose the identity of a person involved in an accident when his identity is not otherwise known or when he denies his presence at an accident. Subsection 5 of the amended Senate Bill 351 also provides that all other accident reports shall be confidential except when produced subject to a court order or subpoena or except for subsection 6. It further states that the report shall be made available only to the parties to the accident, the parents or guardians of a minor who is party to the accident, and the insurers of any party.

Subsection 6 of Senate Bill 351, however, allows the report to be made available to a news-gathering organization which is not to distribute the report or allow its use or distribution for a commercial purpose other than the news-gathering organization's publication or broadcasting of the information in the report.

Donald L. Cox, Lynch, Cox, Gilman & Mahan, Louisville, KY; and David A. Friedman, Taustine, Post, Sotsky, Berman, Fineman & Kohn, Louisville, KY, for plaintiffs.

Barbara Jones, Office of General Council, Corrections Cabinet, Frankfort, KY; Lucy B. Richardson, KY, Justice Cabinet, Frankfort, KY; William B. Pettus, Office of the Atty. General, Frankfort, KY; John L. Arnett, Elizabethtown City Attorney Office, Elizabethtown, KY; N. Scott Lilly, First Assistant County Attorney, Louisville, KY, for defendants.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

■ Plaintiffs in this action are eight attorneys, two chiropractors, and an individual who supplies information to lawyers and other persons regarding motor vehicle accidents. Plaintiffs challenge the constitutionality of KRS 189.635, as amended by Kentucky Sen-

A close question is presented to the Court as to the constitutionality of the statutes challenged by the plaintiffs. There is a conflict in the decisions of the Eleventh Circuit and the Tenth Circuit as evidenced by the decisions in *Speer v. Miller,* 15 F.3d 1007 (11th Cir.1994), and *Lanphere & Urbaniak v. State of Colorado,* 21 F.3d 1508 (10th Cir. 1994). In addition, the decisions in *Moore v. Morales,* 843 F.Supp. 1124 (S.D.Texas 1994), and *Innovative Database Systems v. Morales,* 990 F.2d 217 (5th Cir.1993), hold that Texas may not prohibit chiropractors or attorneys from receiving access to motor vehicle accident reports on the grounds that they will use the information for financial gain. The Texas statute also prohibited chiropractors from directly soliciting patients or potential patients known to have been involved in motor vehicle accidents or work-related accidents, or who had been injured by anoth-

er person. In *Moore v. Morales*, 843 F.Supp. 1124 (S.D.Tex.1994) Judge Hittner noted that Texas statutes allowed certain classes of people to obtain accident reports within 180 days while others could not. He therefore held that this statute was not reasonably related to the state's interest in protecting individual's privacy rights.

In *Speer v. Miller*, 15 F.3d 1007 (11th Cir.1994), the Court addressed a Georgia statute providing that it was unlawful for anyone to copy or inspect any records of a law enforcement agency concerning crimes or motor vehicle accidents for the purpose of commercially soliciting the victims or relatives of these individuals. Plaintiff Speer, an attorney licensed to practice in Georgia, filed an action seeking to enjoin enforcement of the statute on the grounds that it violated the First, Fifth and Fourteenth Amendments. The lower court dismissed both the First Amendment and the Equal Protection challenges.

In reversing and remanding the action, the Eleventh Circuit Court of Appeals noted that "[s]tatutes that restrict commercial speech must directly advance a substantial government interest and the state bears the burden of justifying its restrictions. *Shapero v. Kentucky Bar Assn.*, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988); *Fane v. Edenfield*, 945 F.2d 1514 (11th Cir.1991), *aff'd*, 507 U.S. 761, 113 S.Ct. 1792 [123 L.Ed.2d 543] (1993)." *Speer*, 15 F.3d at 1010. The *Speer* court also indicated that although it appeared likely that plaintiffs' commercial speech claims would prevail, the state was entitled to develop its interest. On remand, the District Court noted the statute's explicit permission of publication by news media, and rejected the State's claim that the statute protected privacy. *Speer v. Miller*, 864 F.Supp. 1294 (N.D.Ga.1994). The aim of the Georgia statute, like that challenged here, was *not* to keep information from becoming public, but to diminish the likelihood of a particular use of that information, i.e., commercial solicitation.

In *Lanphere & Urbaniak v. State of Colorado*, 21 F.3d 1508 (10th Cir.1994), a two to one decision, the Tenth Circuit affirmed the lower court's holding that a statute denying access to records of official actions and criminal justice records unless such person seeking the report signed a statement stating that the records would not be used for the direct solicitation of business for pecuniary gain was not violative of the First and Fourteenth Amendments. *Id.* at 1510–11, 1516.

While this Court chooses to follow the dissenting opinion of Judge Aldisert in *Lanphere*, it is important to analyze both the majority opinion and Judge Aldisert's dissenting opinion. The Colorado statute provided that no person could obtain a record of official actions in criminal justice records unless he or she signed a statement affirming that the records would not be used for the direct solicitation of business for pecuniary gain. The plaintiffs, who were two attorneys and a Director of a Drug and Alcohol Treatment Center, refused to sign the statement because they wanted to use the names and addresses to engage in direct mail advertising for the purpose of soliciting business for pecuniary gain. Prior to the bringing of the action, access to the records had been granted, as it had in the case at bar prior to the amendment of the applicable statutes.

The majority opinion held, first, that there is no constitutional right of access to public records, but did not end the analysis there, and went on to review the case under the principles asserted in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 560–566, 100 S.Ct. 2343, 2347–2351, 65 L.Ed.2d 341 (1980). In that case the court set out a four-part test because the statute disadvantaged commercial speech. The first part of the test is whether the expression is protected by the First Amendment. In order to be protected it must concern lawful activity and not be misleading. The next question is whether the asserted governmental interest is substantial. Then, if both questions yield positive answers, the court must determine whether the regulation directly advances the governmental interest asserted, and fourth, whether it is not more extensive than is necessary to serve that interest.

The *Lanphere* majority held that the commercial speech affected by the Colorado statute came within the protection of the First

Amendment because direct mail advertising concerned lawful activity which would not necessarily be misleading. The majority then went on to hold that the interest of the state was the need to protect the privacy of those charged with misdemeanor traffic offenses and DUI. The court held that this was a substantial interest even though the identity of those charged might be available through local newspapers. The court stated, "even if the information is available to some degree through other sources, the state's interest in not aiding in the dissemination of the information for commercial purposes remain." *Lanphere,* 21 F.3d at 1514. The majority also held that there was a substantial state interest in lessening the danger of solicitation abuse. The court held that the statute advanced the State's interests in protecting privacy in a direct manner. Finally, the court held that the regulation was not more extensive than was necessary.

In his dissenting opinion, Judge Aldisert did not cite the *Central Hudson* case so strongly relied upon by the majority. Instead, he approached the resolution of the case by analyzing the teachings of *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). Judge Aldisert cites that case as authority in dealing with the claim of First Amendment rights to criminal proceedings. There are two complementary considerations. The first is whether there has been a "tradition of accessibility" which implies a favorable judgment of experience. Secondly, "the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question."

Judge Aldisert held that where criminal records are concerned, there is a presumption of public access to criminal trial documents and criminal proceeding documents, and also held that public access to the State's criminal justice record add to the judicial process.

While the case at bar does not involve criminal proceedings and the records of them, Judge Aldisert observed that the State of Colorado had not attempted to prohibit the publication of the names of those involved in criminal proceedings in the local newspapers. He stated that a prohibition against the newspaper's using such information would be a violation of the First Amendment, but then stated, "The statute is far too underinclusive to protect the privacy interests of those arrested for this offense." 21 F.3d at 1519. Judge Aldisert pointed out, "the issue is ... whether the State has the power to place off limits to certain sectors of society records which hitherto been open to all." 21 F.3d at 1519.

While the case at bar differs somewhat from *Lanphere,* it is obvious that the State of Kentucky is trying to prohibit attorneys and chiropractors from access to a record which has been compiled by the public and which is available to media and insurance companies representing the parties, and which had been previously available to the public. We believe that the fact that this information is available to the media and insurers is sufficient to warrant the holding that the privacy interest which the State asserts in defense of the statute is not protected by the restriction of the public records to newspapers and insurers. The Court realizes that the majority opinion in *Lanphere* and the dissenting opinion differ as to their opinion about the effect of the newspapers having information and publishing it while it is not made available to attorneys and others who want to use it for a commercial use.

▪ In conclusion, this is a very close case, but we believe that the dissenting opinion in *Lanphere,* together with the opinions in *Speer v. Miller,* 15 F.3d 1007 (11th Cir. 1994), and *Moore v. Morales,* 843 F.Supp. 1124 (S.D.Tex.1994), are authority for our holding that the statute is unconstitutional. In reaching that decision we realize that direct attorney solicitation by mail of accident victims or similar solicitation by health practitioners may be offensive to some of the recipients but this fact does not justify a ban on mail solicitation. *See Shapero v. Ky. Bar Assn.,* 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). The Court recognizes that since its original decision in the case at bar the Supreme Court has decided *Florida Bar v. Went For It, Inc.,* —— U.S. ——, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995) holding

that the Florida Bar Association may prevent its attorneys from soliciting accident victims for a period of thirty days. That case, however, involved only a regulation by the State Bar and the efforts of that Bar to protect injured Floridians from invasive conduct from lawyers. The question of access to public records was not directly presented in that case.

The Court will enter a judgment consistent with this opinion.

## JUDGMENT

On motion of the plaintiffs, and the Court being sufficiently advised, defendants are hereby preliminarily and permanently enjoined from enforcing the 1994 amendments to KRS 189.635 and KRS 61.874, *et seq.*, and from enforcing KRS 438.065.

This is an appealable judgment, and there is no just cause for delay.