James H. **BABKES,** Plaintiff,

v.

Michael J. **SATZ,** in his official capacity as State Attorney for Broward County, Florida, Defendant,

and

Kevin M. **UNGER,** Plaintiff,

v.

Michael J. **SATZ,** in his official capacity as State Attorney for Broward County, Florida, Defendant.

Nos. 96–6909–CIV–RYSKAMP, 96–7124–CIV–RYSKAMP.

United States District Court, S.D. Florida.

Oct. 23, 1996.

Beverly A. Pohl, Beverly A. Pohl, Law Office, Bruce S. Rogow, Bruce S. Rogow, P.A., Fort Lauderdale, FL, for James H. Babkes.

Kevin M. Unger, Plantation, FL, pro se.

Jeffrey Mahl, Office of the Attorney General, Fort Lauderdale, FL, for Michael J. Satz, as State Attorney for Broward County, Florida.

### ORDER GRANTING PERMANENT INJUNCTION

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon the Plaintiff James H. Babkes's motion for a preliminary injunction. The Court accepted from Judge Nesbitt the transfer of *Unger v. Satz*, and consolidated the cases. A hearing was held on October 15, 1996 at which all parties were present. The parties stipulated that the hearing was for a permanent injunction, and also stipulated that the names and addresses of people who had received tickets for traffic violations constituted public records. This Order, then, rules on the Plaintiffs' motions restyled as Motions for a Permanent Injunction.

## I. DISCUSSION

The Plaintiffs, James H. Babkes and Kevin M. Unger, brought this action against Michael J. Satz, in his official capacity as State Attorney for Broward County, Florida, to enjoin the enforcement of Florida Statute § 316.650(11).[1] This statute became law on June 5, 1996, went into effect on October 1, 1996, and reads:

> Driver information contained in a uniform traffic citation, which includes but is not limited to, the accused person's name and address, shall not be used for commercial

1. The Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1343(a). The Plaintiffs seek declaratory and injunctive relief pursuant to both 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 1983 and 1988.

solicitation purposes. However, the use of such driver information contained in a uniform traffic citation shall not be considered a commercial purpose when used for publication in a newspaper or other news periodical, when used for broadcast by radio or television, or when used to inform a person of the availability of driver safety training. Fla.Stat. § 316.650(11) at 1996 Fla.Sess.Law Serv. Ch. 96–413 (C.S.H.B. 1329) (West).[2] Babkes and Unger are both lawyers who rely on the information contained in the public records regarding recent traffic citations to solicit clients through targeted mailed advertisements. They both allege that this statute violates their First Amendment right to commercial free speech, and Babkes also alleges that the law violates his Fourteenth Amendment right to equal protection of the laws.

## A. Count I: First Amendment

■■■ By restricting the use to which public information can be put, Florida Statute § 316.650(11) implicates the First Amendment's protection of commercial speech. Commercial speech is protected against undue government interference by the First Amendment as applied to the states through the Due Process Clause of the Fourteenth Amendment. *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). A lawyer's advertisement is commercial speech and is therefore protected by the First Amendment. *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Although there is no First Amendment guarantee of a right

of access to government records (*See, Houchins v. KQED, Inc. et al.*, 438 U.S. 1, 9, 98 S.Ct. 2588, 2593–2594, 57 L.Ed.2d 553 (1978)), "[a] first amendment challenge is appropriate where a state prohibits the use of public records by one who wishes to engage in non-misleading, truthful commercial speech." *Speer v. Miller*, 15 F.3d 1007, 1010 (11th Cir.1994) (footnote omitted).

The Florida statute at issue here does not restrict access to government records. The statute does, however, restrict the use to which these records can be put. Specifically, the statute bars the use of these records for commercial purposes except by driving schools and by the print and broadcast media. Fla.Stat. § 316.650(11). These are the only two exceptions. An attorney, for example, who wishes to use these records to form a mailing list of potential clients does not fall within the statute's exception.

■■■ A state's restriction on lawyer advertising is not *per se* unlawful. A state may restrain lawyer advertising that is false, deceptive or misleading, and may exercise "reasonable restrictions on the time, place, and manner of advertising." *Bates v. State Bar of Arizona*, 433 U.S. at 384, 97 S.Ct. at 2709. When a particular regulation of lawyer advertising is challenged, the Courts use a four-part analysis developed by the Supreme Court to determine whether the regulation violates the First Amendment's commercial speech protections: (1) is the expression protected by the First Amendment, i.e. the expression, at minimum, must concern a lawful

---

**2.** This is the version of the statute that both parties cite in their memorandums. It is also the version that appears in the as yet unpublished 1996 Supplement to Florida Statutes 1995, but with the following editorial footnote:

This version is published as the last expression of legislative will (see, Journal of the House of Representative 1995, pp. 2146 and 2164). Subsection (11) was also created by s. 39, ch. 96–350, and that version reads:

(11) Uniform traffic citations issued by a law enforcement officer, and all information contained therein, including but not limited to, the name of person issued the citation, and the person's address, height, weight, and date of birth shall not be used for commercial solicitation purposes, provided however, that the use of information contained in a uniform traffic

citation for purposes of publication in a newspaper or other news periodical or a radio or television broadcast shall not be construed as a commercial purpose.

*1996 Supplement to Florida Statutes 1995* at 948 (forthcoming); *see also,* 1996 Fla.Sess.Law Serv. Ch. 96–350 (C.S.S.B. 892)(West). This version of the statute is not before the Court at this time, and therefore the Court need not reconcile the two versions of the statute. However, it appears from the face of the statute that there is no substantive difference between this version of the statute and the one at issue in the instant action. Therefore, for the reasons stated in the main body of this Order regarding the version of the statute found at S. 8, Ch. 96–413, the Court would enjoin any attempt to enforce the version of the statute found at S. 39, Ch. 96–350.

activity and not be misleading, (2) is the asserted governmental interest substantial, (3) does it directly advance the governmental interest asserted, and (4) is it "not more extensive than is necessary to serve that interest." *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York,* 447 U.S. 557, 566, 100 S.Ct. 2343, 2351, 65 L.Ed.2d 341 (1980); *see also, Shapero v. Kentucky Bar Association,* 486 U.S. 466, 472, 108 S.Ct. 1916, 1921, 100 L.Ed.2d 475 (1987). The Court will apply the *Central Hudson* four-prong test to the instant case to determine whether the Florida statute violates the First Amendment.

### a. Protected Expression

■ Both Babkes and Unger assert that their direct mail advertisements concern a lawful activity, and are not false, deceptive or misleading. The Defendant does not challenge this claim. These advertisements, then, come under the commercial speech protections of the First Amendment.

### b. Substantial Government Interest

The Defendant asserts that the interests of the State of Florida in preserving the privacy of its citizens, in not aiding in the dissemination of information for commercial purposes, in lessening the dangers of solicitation abuse, and in maintaining public support of the legal profession are substantial. For purposes of this case, the Court will accept these as legitimate and substantial state interests.

### c. Statute Directly Advances Those Government Interests

■ Accepting the proffered governmental interests as substantial, the Court must now determine whether the statute at issue here directly advances the asserted governmental interests. The Defendant bears the burden of justifying the restrictions the State has placed on commercial speech. *Edenfield v. Fane,* 507 U.S. 761, 770–71, 113 S.Ct. 1792, 1800, 123 L.Ed.2d 543 (1993). For the Defendant to prevail on this question, he must demonstrate that the link between this statute and its asserted governmental interests is an "immediate connection" or a "direct link." *Central Hudson,* 447 U.S. at 569, 100 S.Ct. at 2353. A "tenuous" or "speculative" link is insufficient to meet this burden. *Id.* In short, "the regulation may not be sustained if it provides only ineffective or remote support for the government's purpose." *Id.* at 564, 100 S.Ct. at 2350.

■ The Defendant has presented no evidence detailing the manner in which this statute directly advances the State's governmental interests. The Defendant claims, without supporting evidence, that the statute advances the State's interest in preserving the privacy of its citizens. But, the statute does not restrict access to these records, and specifically exempts commercial driving schools and the print and broadcast media from the ban on the commercial use of these records. There is, then, not even a "tenuous" link here between the asserted government interest and the statute at issue because the plain language of the statute itself contradicts the Defendant's claim. The Defendant cannot claim that the statute directly advances the State's interest in protecting the privacy of its citizens while allowing free use of the information by commercial driving schools and the print and broadcast media.[3]

---

**3.** *See also, Speer v. Miller,* 15 F.3d at 1011, n. 7 ("We note that any privacy arguments the state asserts are disingenuous in light of the fact that the statute carves out an exception for the media to place any information they obtain on the front page of any newspaper in Georgia."), *Shapero v. Kentucky Bar Association,* 486 U.S. at 476, 108 S.Ct. at 1923 ("[A] targeted letter [does not] invade the recipient's privacy any more than does a substantively identical letter mailed at large. The invasion, if any, occurs when the lawyer discovers the recipient's legal affairs, not when he confronts the recipient with the discovery."), *but see, Florida Bar v. Went For It, Inc.,* — U.S. ——, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995). In *Florida Bar,* the Court stated:

We find the Court's perfunctory treatment of privacy in *Shapero* to be of little utility in assessing this ban on targeted solicitation of victims in the immediate aftermath of accidents. . . . The [privacy] intrusion targeted by the Bar's regulation stems not from the fact that a lawyer has learned about an accident or disaster . . . but from the lawyer's confrontation of victims or relatives with such information, while wounds are still open, in order to solicit their business.

— U.S. at ——, 115 S.Ct. at 2379. *Florida Bar* is distinguishable from the case at hand in that the state in *Florida Bar* sought to protect the privacy of victims of "an accident or disaster" through a 30 day post-accident moratorium on

The Defendant also claims, again without evidence, that the statute advances the State's interest in not aiding in the dissemination of information for commercial purposes. The statute, however, specifically exempts from its scope the use of these records for solicitation by commercial driving schools. Again the plain language of the statute contradicts the Defendant's assertion that the statute directly advances a governmental interest.

The Defendant has presented no evidence to buttress his claims that the statute lessens the danger of solicitation abuse and helps maintain public confidence in the legal system. As laudable as these interests might be, there is nothing more than a tenuous link between the stated governmental interests and the language of the statute. The statute places no restrictions on the manner in which the public records information can be used, but only on who may use that information. Presumably commercial driving schools are capable of committing solicitation abuse, but this statute does nothing to stop that. Moreover, the Defendant can only speculate that barring anyone but commercial driving schools from soliciting business from those people who have recently received traffic citations helps maintain public confidence in the legal system. A tenuous and speculative link, unsupported by any evidence, is not sufficient to satisfy the third prong of the *Central Hudson* test.

The Defendant has not carried his burden of demonstrating that the statute at issue here directly advances governmental interests. The governmental interests that the Defendant claims are directly advanced by the statute are either directly contradicted by the plain language of the statute, or so remote from the language of the statute that any link is merely tenuous. Moreover, the Defendant has produced no evidence in support of any of these claims.

### d. "Not More Extensive Than Necessary"

Even if the statute directly advances the governmental interests discussed *supra*, the Defendant has failed to carry his burden of showing that the statute is "narrowly tailored" to serve these State interests. The Defendant must show that a "more limited speech regulation would be ineffective." *Central Hudson*, 447 U.S. at 571, 100 S.Ct. at 2354. The Defendant has produced no evidence showing that a more limited regulation would be ineffective.

If the State of Florida desires to regulate targeted legal advertisements to further its interests in protecting the privacy of its citizens, in not aiding in the dissemination of information for commercial purposes, in lessening the dangers of solicitation abuse, and in maintaining public confidence in the legal system, it must do so through "reasonable restrictions on the time, place, and manner of advertising." *Bates v. State Bar of Arizona,* 433 U.S. at 384, 97 S.Ct. at 2709. Florida's present attempt to regulate targeted legal advertisements, Florida Statute § 316.650(11) as found at 1996 Fla.Sess.Law Serv. Ch. 96–413 (C.S.H.B. 1329) (West), fails the *Central Hudson* test and therefore violates the First Amendment's protection of truthful, non-misleading commercial speech.[4]

---

targeted mailings to injured people. *Id.* at ——, 115 S.Ct. at 2374. The statute at issue in the case at hand seeks to permanently protect the privacy of traffic violators by imposing a bar on attorney advertising, but not on commercial driving school advertising or media publication.

4. The Defendant urges the Court to follow *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 638, 130 L.Ed.2d 544 (1994) in upholding this law. This argument ignores that *Speer v. Miller*, 15 F.3d 1007 (11th Cir.1994) is binding precedent on this Court and that the decision of the *Lanphere* Court turned largely on the language in that statute that barred **access** to the public records by those seeking to use them for commer-

cial purposes. The statute at issue in the case at hand bars only the **use** of the public records information for any purposes not specifically excepted by the statute, and does not bar access to the public records. Even if the statute at issue here did bar access to the public records by those seeking to use them for commercial purposes, it is not clear that this would make any difference under the law of this Circuit. *See, Speer v. Miller*, 864 F.Supp. 1294 (N.D.Ga.1994) (Holding on remand from the 11th Circuit that a Georgia law that barred both access to and use of public records by those seeking to use these records for commercial purposes violates the First Amendment).

The Plaintiffs are entitled to the injunctive relief that they seek.

### B.  Count II:  Equal Protection

Babkes also claims that Fla.Stat. § 316.650(11) violates his Fourteenth Amendment right to equal protection under the laws.  The Court need not address this claim since it has held that the statute violates the First Amendment protections of commercial speech.

## II.  CONCLUSION

THE COURT has considered the motions, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Florida Statute § 316.650(11), as found at 1996 Fla.Sess. Law Serv. Ch. 96–413 (C.S.H.B. 1329) (West), violates the First Amendment's protection of truthful, non-misleading commercial speech, and therefore the Plaintiffs' Motions for a Permanent Injunction [Babkes, DE–2; Unger, DE–3] is hereby GRANTED. The Defendant is hereby PERMANENTLY ENJOINED from enforcing Florida Statute § 316.650(11), as found at 1996 Fla.Sess.Law Serv. Ch. 96–413 (C.S.H.B. 1329) (West).  Final judgment shall be entered for the Plaintiffs in each of these cases.  The Clerk of the Court shall CLOSE each case, and DENY all pending motions as moot.