United States Court of Appeals,

Eleventh Circuit.

No. 96-8701.

STATEWIDE DETECTIVE AGENCY, Plaintiff-Appellee,

v.

Zell MILLER in his official capacity as Governor and Thurbert E. Baker, in his official capacity as Attorney General, Defendants-Appellants.

Clayton County, Defendant.

June 20, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:96-CV-1033-WBH), Willis B. Hunt, Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and PROPST[*], Senior District Judge.

BARKETT, Circuit Judge:

Zell Miller, in his official capacity as Governor of Georgia, and Thurbert E. Baker, in his official capacity as Attorney General of Georgia (collectively "Miller"), appeal the district court's order granting Statewide Detective Agency, Inc.'s ("Statewide") motion for a preliminary injunction enjoining the enforcement of §§ 33-24-53(c) and (e) of the Official Code of Georgia ("O.C.G.A."). Statewide, a private detective agency in Georgia, filed an action under 42 U.S.C. § 1983 against Miller and Clayton County, Georgia, after the County denied Statewide's request for copies of motor vehicle accident reports based on § 33-24-53(c).[1] Section 33-24-53(c) provides:

> With respect to a motor vehicle accident, no employee of any law enforcement agency shall allow any person, including an attorney, health care provider, or their agents, to examine or obtain a copy of any accident report or related investigative report when the employee knows or should reasonably know that the request for access to the report is for commercial solicitation purposes. No person shall request any law enforcement agency to permit examination or to furnish a copy of any such report for commercial solicitation purposes. For purposes of this subsection, a request to examine or obtain a copy of a report is for "commercial solicitation purposes" if made at a time when there is no relationship between the person or his principal requesting the report and any party to the accident, and there is no apparent reason for the person to request the report other than for purposes of soliciting

---

[*]Honorable Robert B. Propst, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

[1]Statewide voluntarily dismissed the County from this suit on July 5, 1996.

a business or commercial relationship. All persons, except law enforcement personnel and persons named in the report, shall be required to submit a separate written request to the law enforcement agency for each report. Such written request shall state the requestor's name, address, and the intended use of the report in sufficient detail that the law enforcement agency may ascertain that the intended use is not for commercial solicitation purposes. The law enforcement agency shall file each written request with the original report. No person shall knowingly make any false statement in any such written request.

O.C.G.A. § 33-24-53(c) (1991). Subsection (e) provides, "Any person who violates any provision of this Code section shall be guilty of a misdemeanor involving moral turpitude."

In its Complaint, Statewide alleged that § 33-24-53(c) is an unconstitutional prior restraint on First Amendment commercial speech and sought a permanent injunction against its enforcement. Along with the Complaint, Statewide filed a motion for a temporary restraining order and a preliminary injunction against enforcement of §§ 33-24-53(c) and (e), which the district court granted after finding it likely that the statute unconstitutionally burdens the First Amendment. In this action, Statewide seeks to enjoin only the criminal enforcement of § 33-24-53(c), that is, we are asked only to address the constitutionality of making it a misdemeanor, under § 33-24-53(e), for any person to request a law enforcement agency to permit examination or to furnish a copy of an accident report for commercial solicitation purposes.

A plaintiff moving for a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. *Haitian Refugee Center, Inc. v. Baker,* 949 F.2d 1109, 1110 (11th Cir.1991). The narrow question before us is whether §§ 33-24-53(c) and (e), by criminalizing requests for public records for commercial solicitation purposes, implicates the First Amendment. We find that it does. *See Central Hudson Gas & Electric Corp. v. Public Service Comm'n of New York,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980); *Speer v. Miller,* 15 F.3d 1007 (11th Cir.1994).

The district court's grant of a preliminary injunction is reviewed under an abuse of discretion standard. *Speer v. Miller,* 15 F.3d 1007, 1009 (11th Cir.1994). However, if the district court misapplied the law, its conclusions are subject to broad review. *E. Remy Martin & Co. v. Shaw-Ross International Imports,* 756 F.2d 1525, 1529 (11th Cir.1985). "By definition, ... the abuse of

discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *In re Rasbury v. Internal Revenue Service,* 24 F.3d 159, 168 (11th Cir.1994) (citations and quotation marks omitted); *see also Purcell v. BankAtlantic Financial Corp.,* 85 F.3d 1508, 1513 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 178, 136 L.Ed.2d 118 (1996) (quoting same definition); *Macklin v. Singletary,* 24 F.3d 1307, 1311 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995) (same). Based on a review of the record and the statute in question, we conclude that the district court did not abuse its discretion in granting the preliminary injunction in this case.

AFFIRMED.