*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0066P (6th Cir.)
File Name: 00a0066p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

STEPHEN AMELKIN, Broadway
Chiropractic; DR. BRIAN
CHRISTOPHER FEE; STUART
LYON; NICOLAS BAKER;
DAVID KAPLAN; JAMES W.
CHAMBERS; SIDNEY HANISH;
RHODA DANIELS; THOMAS H.
WATSON; KENNETH W.
WALL; JAMES BOGARD, doing
business as Bogard &
Associates,
   *Plaintiffs-Appellees,*

CITY OF LOUISVILLE, Division
of Police,
     *Plaintiff,*

  *v.*

ANN MCCLURE, Document
Custodian; GARY ROSE,
Commissioner of Department
of State Police; BEN
CHANDLER, Attorney General,
  *Defendants-Appellants,*

No. 96-5942

JUSTICE CABINET, Department
of State Police,
  *Plaintiff/Counter Defendant-*
                    *Appellant,*

JEFFERSON COUNTY,
KENTUCKY,
                    *Defendant.*

On Remand from the United States Supreme Court.
Nos. 94-00360, 95-00022, 95-00352—Charles M. Allen,
District Judge.

Argued:  April 24, 1998

Decided and Filed:  February 24, 2000

Before:  SUHRHEINRICH, SILER, and GILMAN, Circuit
Judges.

_____

**COUNSEL**

**ARGUED:**    William B. Pettus, OFFICE OF THE
ATTORNEY GENERAL, CIVIL & ENVIRONMENTAL
LAW DIVISION, Frankfort, Kentucky, Lucy B. Richardson,
COMMONWEALTH OF KENTUCKY JUSTICE
CABINET, GENERAL COUNSEL, Frankfort, Kentucky, for
Appellants.  Donald L. Cox,  LYNCH, COX, GILMAN &
MAHAN, Louisville, Kentucky, for Appellees. **ON BRIEF:**
William  B.  Pettus,  OFFICE  OF  THE  ATTORNEY
GENERAL,  CIVIL  &  ENVIRONMENTAL  LAW
DIVISION, Frankfort, Kentucky, Lucy B. Richardson,
COMMONWEALTH  OF  KENTUCKY  JUSTICE
CABINET, GENERAL COUNSEL, Frankfort, Kentucky, for
Appellants.  Mary J. Lintner, LYNCH, COX, GILMAN &
MAHAN, Louisville, Kentucky, for Appellees. Laurence J.

Zielke, PEDLEY, ZIELKE, GORDINIER, OLT & PENCE, Louisville, Kentucky, for Amicus Curiae.

————————————

## OPINION

————————————

RONALD LEE GILMAN, Circuit Judge. On December 13, 1999, the Supreme Court vacated our February 17, 1999 decision in the above-styled matter, *see Amelkin v. McClure*, 168 F.3d 893 (6th Cir. 1999), and remanded the case for further consideration in light of *Los Angeles Police Dep't v. United Reporting Publishing Corp.*, 528 U.S. __, 120 S.Ct. 483 (1999). After taking into account the majority's holding in *United Reporting*, we **REVERSE** the district court's decision to enjoin the enforcement of Kentucky Revised Statute § 189.635(5)-(6), which was based upon the plaintiffs' "facial challenge" to the statute restricting access to police accident reports. We further **REMAND** the case for consideration of the plaintiffs' "as-applied" challenge to the statute. The remainder of our prior decision was not affected by the Supreme Court's action and continues to be the ruling of this court.

### I. FACTUAL SUMMARY

A number of attorneys and chiropractors, as well as the proposed publisher of a commercial newspaper to be called The Accidental Journal, filed suit to challenge two Kentucky statutes, one restricting access to police accident reports and the other allowing the state custodian of nonexempt public documents to charge commercial users "a reasonable fee" for producing copies of the reports. The district court permanently enjoined the enforcement of both statutes, finding that they violated the plaintiffs' First Amendment right to freedom of expression. On appeal, we affirmed the district court's injunction regarding KRS § 189.635 (restricting access to police accident reports), but vacated and remanded its decision regarding KRS § 61.874 (allowing fees

§ 189.635 and the California statute that the Supreme Court considered in *United Reporting*. Because the district court only addressed the plaintiffs' facial challenge, as indicated by the fact that it permanently enjoined the state of Kentucky from enforcing KRS § 189.635, *see Amelkin v. McClure*, 936 F.Supp. 428 (W.D. Ky. 1996), we must reverse and remand the case for the district court to consider the plaintiffs' as-applied challenge.

### B. The Challenge to KRS § 61.874

The district court also enjoined the enforcement of KRS § 61.874, the statute that allows the state custodian of nonexempt public documents to charge commercial users for producing copies of police accident reports. It did so without making specific findings regarding the four factors that are used in determining whether a preliminary injunction should be granted. *See Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). Without the benefit of such factual findings, it is impossible for us to judge the validity of the plaintiffs' arguments. Accordingly, our prior opinion vacated and remanded the case back to the district court to make findings of fact and conclusions of law as to how KRS § 61.874 has been applied by the state agency. *See Amelkin*, 168 F.3d at 901-02. This portion of our prior opinion was not modified by *United Reporting*, and continues to be the ruling of this court.

### III. CONCLUSION

For the reasons set forth above, the district court's decision regarding KRS § 189.635 is **REVERSED** and **REMANDED** for consideration of the plaintiffs' as-applied challenge, and its decision regarding KRS § 61.874 is **VACATED** and **REMANDED**, all for further proceedings consistent with this opinion.

to be charged to commercial users for copies of the reports). *See Amelkin*, 168 F.3d at 901-02.

## II. ANALYSIS

### A.  The Facial Challenge to KRS § 189.635

The first issue that must be addressed is whether the plaintiffs can bring a facial challenge to KRS § 189.635, the statute that regulates access to police accident reports in Kentucky, in light of the Supreme Court's recent decision in *United Reporting*.  In *United Reporting*, a private publishing company in California had been providing the names and addresses of recently arrested individuals to its customers, who included attorneys, insurance companies, drug and alcohol counselors, and driving schools.  It received the names and addresses from local law enforcement agencies until the state of California amended Cal. Gov't Code § 6254(f)(3) to require that a person requesting an arrestee's name and address declare that the request is being made for one of five prescribed purposes, and that the name and address will not be used directly or indirectly to sell a product or service.   United Reporting sought declaratory and injunctive relief, and requested that the amended section be declared unconstitutional under the First and Fourteenth Amendments.

The district court construed United Reporting's claim as a facial challenge to § 6254(f)(3), granted United Reporting's motion for summary judgment, and enjoined the enforcement of the statute.  Upon appeal, the Ninth Circuit affirmed the district court's judgment, concluding that the statute was facially invalid.  The Supreme Court, however, reversed the Ninth Circuit, and held that § 6254(f)(3) did not warrant the drastic measure of declaring facial invalidity.  *See United Reporting*, 120 S.Ct. at 489.

An overbreadth facial attack is made when a challenger argues that an otherwise valid law might be applied unconstitutionally in a specific context. *See generally United Reporting*, 120 S.Ct. at 488-89.  If a facial challenge is

upheld, then the state cannot enforce the statute against anyone.  *See Board of Trustees v. Fox*, 492 U.S. 469, 483 (1989) ("Where an overbreadth attack is successful, the statute is obviously invalid in all of its applications, since every person to whom it is applied can defend on the basis of the same overbreadth.").  On the other hand, an "as-applied" challenge consists of a challenge to the statute's application only to the party before the court.  *See generally City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 758-59 (1988) (noting that as-applied challenges are reviewed on a case-by-case basis).  If it is successful, the statute may not be applied to the challenger, but is otherwise enforceable. *Id*.

Overbreadth facial challenges are normally rejected because "a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court."  *New York v. Ferber*, 458 U.S. 747, 767 (1982).  As explained by the Supreme Court in *United States v. Salerno*, 481 U.S. 739, 745 (1987), "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."

One of the few exceptions to the presumption against facial challenges is if a statute proscribes speech and threatens violators with prosecution. *See Gooding v. Wilson*, 405 U.S. 518, 520-21 (1972).  In *United Reporting*, the Supreme Court held that a facial challenge was not warranted because § 6254(f)(3) neither imposed a threat of criminal prosecution nor "chilled" expressive speech—it simply restricted access to government information. *Id*. at 489-90.

Based on the reasoning set out in *United Reporting*, KRS § 189.635 is similarly not subject to a facial challenge because it does not carry the threat of prosecution for violating the statute and it does not restrict expressive speech, but simply regulates access to the state's accident reports. In this regard we find no material differences between KRS