Stephen AMELKIN, et al.   Plaintiffs

v.

Ann MCCLURE, et al.   Defendants

No. CIV.A. 394CV360H.

United States District Court,
W.D. Kentucky,
at Louisville.

Dec. 20, 2001.

Donald L. Cox, Mary Janice Lintner, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for Plaintiffs.

David A. Friedman, Fernandez, Friedman, Grossman & Kohn, Louisville, KY, for James W. Chambers.

Barbara Jones, Department of Corrections, Office of General Counsel, James M. Herrick, Kentucky State Police Legal Office, Frankfort, KY, for Robert F. Stephens.

D. Brent Irvin, Office of the Attorney General, Frankfort, N. Scott Lilly, Office of the Jefferson County Attorney, Paul V. Guagliardo, Thomas Lukins, City Law Department, Louisville, Deborah Shaw, Kim Quick, Arnett, Quick, Coleman & Shaw, Elizabethtown, KY, for City of Elizabethtown.

Laurence J. Zielke, Carolina George Meena, Pedley, Zielke, Gordinier, Olt & Pence, Louisville, KY, for Louisville & Jefferson County Metropolitan Sewer District.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

Plaintiffs petitioned this Court in 1994 to enjoin enforcement of K.R.S. § 189.635(5)-(6) as revised by the Kentucky General Assembly in the 1994 regular session. As amended, K.R.S. § 189.635(5) prevents the dissemination of Kentucky State Police accident reports, except to parties involved in the accident, the parents or guardians of any party who is a minor, the parties' insurers and the parties' attorneys. K.R.S. § 189.635(6) provides another exemption, making reports available to "a news-gathering organization, solely for the purpose of publishing or broadcasting the news" but not for any other "commercial purpose." Plaintiffs challenge these restrictions under the First and Fourteenth Amendments to the United States Constitution. They also challenge, on this basis, the State Police's past application of K.R.S. § 61.874, which permits public agencies to charge "a reasonable fee" for copies of public records when they are sought "for commercial purposes."

After a procedural path the parties correctly describe as "tortured," the Sixth

Circuit has remanded this case for what could be a final resolution. *Amelkin v. McClure,* 205 F.3d 293 (6th Cir.), *reh'g denied,* 2000 U.S.App. LEXIS 6841, *cert. denied,* 531 U.S. 871, 121 S.Ct. 171, 148 L.Ed.2d 117 (2000). After concluding that § 189.635(5)-(6) is not subject to facial challenge, the Sixth Circuit tasked this Court with consideration of Plaintiffs' as-applied challenge to the statute. It also asked this Court to consider whether the State Police have applied § 61.874 unconstitutionally to Plaintiffs.[1]

Plaintiff James Bogard seeks to establish a newsletter which will publish automobile accident reports. The other Plaintiffs are either chiropractors or attorneys. All Plaintiffs challenge the application of these statutes, claiming that state agencies discriminate on the basis of Plaintiffs' intended speech upon receiving the records—namely, the contact of accident victims for purposes of offering treatment or legal representation, and the publication of a newsletter which would help make such contact easier. Defendants are the State Police, the state Attorney General, Jefferson County, the Cities of Louisville and Elizabethtown, and intervenor Louisville and Jefferson County Metropolitan Sewer District ("MSD").

## I.

On April 11, 1994, Governor Brereton Jones signed Senate Bill 351, which amended K.R.S. § 185.635(5)-(6) in the fashion earlier noted. Plaintiffs filed suit in June 1994, moving this Court to enjoin state agencies' enforcement of the statutes as amended before they were to go into effect on July 15, 1994. On August 2, 1994, the late Senior District Judge Charles Allen determined that the statute as amended facially violated the First Amendment and entered a preliminary injunction against its enforcement. The Sixth Circuit dissolved the injunction, noting that State Police Commissioner Jerry Lovitt had been added as a defendant only shortly before the issuance of the order and thus had not had sufficient time to oppose Plaintiffs' motion. *Amelkin v. McClure,* 1996 WL 8112, 74 F.3d 1240 (6th Cir.1996). While the injunction was in effect, the State Police discontinued their policy of withholding accident reports, but substantially raised the fees for reports when requested for a commercial purpose. Having previously charged 10 cents per page, the State Police utilized K.R.S. § 61.874 to charge $40 per non-injury report, $90 per injury report, and $230 per fatality report.

On remand, Judge Allen issued an opinion and order dated June 3, 1996, which preliminarily and permanently enjoined Defendants' enforcement of K.R.S. §§ 189.635(5)-(6) and 61.874.[2] Judge Allen noted that the Tenth and Eleventh Circuit Courts of Appeals had addressed the constitutional questions posed by statutes resembling § 189.635(5)-(6), and had reached different conclusions. *See Lanphere & Urbaniak v. Colorado,* 21 F.3d 1508 (10th Cir.), *cert. denied,* 513 U.S. 1044, 115 S.Ct. 638, 130 L.Ed.2d 544 (1994); *Speer v. Mil-*

---

**1.** During the time that this Court enjoined enforcement of K.R.S. § 189.635(5)-(6), the State Police applied § 61.874 so as to substantially increase the fees for copies of reports to be used for commercial purposes.

**2.** Judge Allen's order also enjoined enforcement of K.R.S. § 438.065, which prohibits any "person licensed to practice medicine,

dentistry, osteopathy, podiatry, optometry, or chiropractic, or any other healing art" from soliciting patients through direct-mail, radio, or television advertising. On June 11, 2001, this Court dissolved all injunctions previously entered in this case. Plaintiffs have not sought in their motions to relitigate the constitutionality of § 438.065.

*ler,* 15 F.3d 1007 (11th Cir.1994).[3] Judge Allen based his opinion primarily upon Judge Aldisert's dissent in *Lanphere,* which had found a qualified First Amendment right to access to criminal court proceedings, including arrest records.

On February 17, 1999, the Court of Appeals affirmed Judge Allen's decision as to § 189.635(5)-(6), albeit upon different grounds. *Amelkin v. McClure,* 168 F.3d 893 (6th Cir.1999). It followed the Tenth Circuit's reasoning in *Lanphere* in determining that such a regulation implicated the First Amendment, but parted ways with the Tenth Circuit as to whether the regulation survived the four-part test in *Central Hudson, supra.* Applying that test, the Sixth Circuit determined that the speech at issue was neither illegal nor misleading, and that the government's interest in protecting accident victims' privacy was substantial. However, as to the *Central Hudson* test's third prong, the Court found that the restriction failed to directly advance the government's interest because, while it kept the information from lawyers and chiropractors, it gave the information to newspapers and broadcasters so that they might publicly report it. 168 F.3d at 898–901. As to § 61.874, the Court found that the district court had not made specific factual findings to support its injunction, and remanded that part of the decision for reconsideration. Defendants subsequently moved the Supreme

Court of the United States for a writ of certiorari.

Prior to the Sixth Circuit's decision, the Supreme Court had already granted certiorari in another case raising many of the same issues. The Court ultimately decided in *Los Angeles Police Dept. v. United Reporting Publishing Corp.,* 528 U.S. 32, 120 S.Ct. 483, 145 L.Ed.2d 451 (1999), that a private publishing service whose business was providing the names and addresses of recently arrested individuals could not pose a facial challenge to a state statute which permitted access to that information only "for a scholarly, journalistic, political, or governmental purpose, or ... for investigation purposes by a licensed private investigator." Because the respondent faced no threat of prosecution or withdrawal of federal funds, it lacked standing to challenge a law which was "not an abridgment of anyone's right to engage in speech, be it commercial or otherwise, but simply a law regulating access to information in the hands of the police department." *Id.* at 40, 120 S.Ct. 483. Even the two dissenting Justices agreed with the majority that a First Amendment analysis was inappropriate because California's law was "really a restriction on access to government information rather than a direct restriction on protected speech." *Id.* at 45, 120 S.Ct. 483 (Stevens, J., dissenting).[4]

---

**3.** The Tenth Circuit concluded in *Lanphere* that Colorado's statute—which disallowed access to criminal justice records to those who wished to use them for commercial purposes—restricted free speech, but that under the Supreme Court's test for evaluating the constitutionality of restrictions on commercial speech set out in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), the statute survived constitutional challenge. 21 F.3d at 1513–16. In *Speer,* the Eleventh Circuit vacated an order dismissing a First and Fourteenth Amendment challenge to a Geor-

gia statute substantially similar to K.R.S. § 189.635(5)-(6). On remand, the district court permanently enjoined the statute's enforcement. *Speer v. Miller,* 864 F.Supp. 1294 (N.D.Ga.1994).

**4.** Joined by Justice Kennedy, Justice Stevens applied rational-basis review and determined that, "[b]y allowing such widespread access to the information, the State has eviscerated any rational basis for believing [it] will truly protect the privacy" of arrestees. *Id.* at 46, 120 S.Ct. 483.

On December 13, 1999, in light of its decision in *United Reporting*, the Supreme Court granted certiorari in *Amelkin*, vacated the existing judgment and remanded to the Sixth Circuit. On February 24, 2000, the Sixth Circuit issued yet another opinion in *Amelkin*, holding that § 189.635(5)-(6) was not subject to a facial challenge and instructing this Court to consider its constitutionality as applied to Plaintiffs. The Sixth Circuit left intact its prior decision requiring this Court to make factual findings and conclusions of law as to the constitutionality of the State Police's application of § 61.874.

## II.

"Traditionally, a plaintiff's burden in an as-applied challenge is different from that in a facial challenge. In an as-applied challenge, the plaintiff contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional." *Women's Medical Professional Corp. v. Voinovich,* 130 F.3d 187, 193 (6th Cir. 1997) (quotation, citation omitted). In other words, Plaintiffs must claim that § 189.635(5)-(6) has run afoul of the Constitution "because of the way it was applied to the particular facts of their case." *United States v. Salerno,* 481 U.S. 739, 745 n. 3, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Plaintiffs characterize the statute as one which prohibits or otherwise makes impossible a constitutional right to contact accident victims by direct mail. They claim that application of the statute to them restricts their First Amendment right to speak because it makes more difficult their efforts to contact accident victims. They seem to take the view that because *United Reporting* and the Sixth Circuit's latest opinion in this case dealt with a facial challenge, those opinions have little relevance to this as applied challenge.

The Court disagrees with Plaintiffs' characterization of this case and their view of the relevance of *United Reporting* and the latest Sixth Circuit *Amelkin* opinion. The Court believes that these opinions provide the basic road map for the Court's analysis in this case. In fact, Plaintiffs' argument, without more, runs directly contrary to Supreme Court and Sixth Circuit views of this statute. The Commonwealth of Kentucky does not tell Plaintiffs what they cannot say; it merely does not give them the privileged information which Plaintiffs would like to have in order to say what they like. In the free press context, the Supreme Court has distinguished between "the freedom of the media to *communicate* information once it is obtained ... [and the idea] that the Constitution *compels* the government to provide the media with information or access to it on demand." *Houchins v. KQED, Inc.,* 438 U.S. 1, 98 S.Ct. 2588, 57 L.Ed.2d 553 (1978) (plurality opinion) (emphasis original). In *United Reporting,* the Supreme Court noted that it was "not a case in which the government is prohibiting a speaker from conveying information that the speaker already possesses," but rather involved "nothing more than a governmental denial of access to information in its possession." 528 U.S. at 40, 120 S.Ct. 483. On remand, the Sixth Circuit found "no material differences between K.R.S. § 189.635 and the California statute that the Supreme Court considered in *United Reporting.*" 203 F.3d at 296. The Sixth Circuit reiterated that § 189.635(5)-(6) "does not restrict expressive speech, but simply regulates access to the state's accident reports." *Id.* These opinions tell this Court a lot about deciding the issues it now confronts.

The question this Court must answer is whether Plaintiffs' as-applied challenge produces a different result than does

their facial challenge. Justices Scalia and Thomas suggest that, under certain circumstances, an as-applied challenge could produce a different result. 528 U.S. at 41–42, 120 S.Ct. 483 (Scalia, J., concurring). While that is theoretically possible in every case, it does not appear actually so in this one. Most significantly, Plaintiffs do not allege any application of § 189.635(5)-(6) different from its facial terms. Nor do Plaintiffs allege any facts which could produce a different result than the facial challenge analysis. As a consequence, this Court can find no factual basis or legal reason for undertaking an analysis substantially different from that in *United Reporting* and in the last *Amelkin* opinion. Moreover, Justices Ginsburg, O'Connor, Souter and Breyer suggest that an as-applied First Amendment challenge in these circumstances fails quite simply as a matter of law. *Id.* at 42–44, 120 S.Ct. 483 (Ginsburg, J., concurring). The Court reads Chief Justice Rehnquist's opinion as essentially in agreement. Therefore, the Court concludes that K.R.S. § 189.635(5)-(6) as applied does not abridge the freedom of speech.

■ Because freedom of speech is not implicated here, the legislative judgment of the General Assembly should be left undisturbed "if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *Romer v. Evans,* 517 U.S. 620, 632, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996). Certainly, it is well settled that "the protection of potential clients' privacy is a substantial state interest." *Edenfield v. Fane,* 507 U.S. 761, 769, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993). The Commonwealth has easily met its burden to demonstrate that § 189.635(5)-(6) advances the protection of potential clients' privacy, and accordingly, the Court must uphold it.

### III.

K.R.S. § 61.874, part of the Kentucky Open Records Act, provides that agencies may impose higher fees for copies of certain public records when the copies are sought "for commercial purposes." Because the State Police may not disclose accident reports for a commercial purpose, this provision of § 61.874 does not apply to disclosure of accident reports. Plaintiffs, therefore, have no grounds for an as-applied challenge. The issue of application of § 61.874 to Plaintiffs is moot and no fact-finding is necessary.

The Court will enter an order consistent with this Memorandum Opinion.

### ORDER

Plaintiffs and Defendants have moved for summary judgment. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion is SUSTAINED, and all claims against them are DISMISSED WITH PREJUDICE.

This is a final and appealable order.