The **FLORIDA STATE UNIVERSITY CHAPTER, LOCAL 1880, OF** the **AMERICAN FEDERATION OF TEACHERS, AFL–CIO,** an unincorporated association; and Roy Ingham, as President of Local 1880, Plaintiffs,

v.

The **FLORIDA BOARD OF RE-GENTS** et al., Defendants.

Civ. A. No. 1896.

United States District Court,
N. D. Florida,
Tallahassee Division.

March 13, 1973.

Stewart E. Parsons, Jon D. Caminez, Tallahassee, Fla., for plaintiffs.

Charles E. Miner, Jr., Gen. Counsel, James T. Schoenbrod, Tallahassee, Fla., for defendants.

## MEMORANDUM–ORDER

MIDDLEBROOKS, District Judge.

### PRELIMINARY STATEMENT

This cause is before the Court upon motion by plaintiffs for summary judgment. Plaintiffs seek herein to enjoin the defendants from violation of plaintiffs' fundamental civil right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiffs' basic prayer is to secure the same right to use university facilities as is made available to those similarly situated organizations now enjoying use of such facilities. This case does not involve a deprivation of plaintiffs' First Amendment rights or direct impingement thereon nor does this cause necessitate deliberation by the Court as to the constitutionality *per se* of defendants' policy opposing collective bargaining organizations' use of university facilities. What is involved here is simply the question of whether the policy in this dispute has been applied to these plaintiffs arbitrarily and in a manner depriving them of the equal protection of the laws. The Court, having heard argument of counsel of the parties and having considered all affidavits and memoranda of law submitted herein, makes the following findings of fact and conclusions of law as may be required by Rule 52(a), Federal Rules of Civil Procedure.

### FINDINGS OF FACT

1. The plaintiffs are the Florida State University Chapter Local 1880 of the American Federation of Teachers, AFL–CIO, an unincorporated association and Roy Ingham, the President of Local 1880. Members of the plaintiff organization and Roy Ingham are employed as faculty of Florida State University, such membership in plaintiff organization being expressly conditioned upon employment as faculty by Florida State University.

2. The defendants are the State of Florida Board of Regents (hereinafter referred to as BOR), the Florida State Board of Education, Floyd Christian as Commissioner of the Board of Education and Stanley Marshall in his capacity as President of Florida State University.[1]

3. On November 19, 1971, defendant BOR adopted a policy prohibiting the use of facilities or equipment at the institutions of the State University System by organizations whose purpose is to organize employees. At all material times henceforth the defendants acting through Stanley Marshall, President of Florida State University, denied to the plaintiffs the use of university facilities at Florida State University on the authority of this policy. During this same period the defendants acting by and through President Stanley Marshall have allowed other similarly situated organizations the use of facilities at Florida State University.

4. Plaintiffs are associated as Florida State University Chapter, Local 1880, and exist for the purpose of securing conditions essential for improved professional educational service and instruction. The plaintiff organization advocates the technique of collective bargaining as a means to achieve improved working conditions and salaries and to promote quality education. Plaintiffs have been denied the use of campus mail

---

1. Florida Statutes, Section 240.001, F.S.A., grants to the BOR the necessary powers to govern, regulate, coordinate and oversee the institutions and agencies in the state university system. More specifically Florida Statutes, Section 240.042(2), F.S.A., empowers the BOR to establish the policies, rules and regulations under which the state university system is to be managed. The State Board of Education is authorized by Florida Statutes, Sections 240.051(1) and (3) to approve all rules and regulations adopted by the BOR for the state university system and to exercise general supervision and control over the BOR.

service and an opportunity to meet on campus at university facilities.

5. The American Association of University Professors (hereinafter referred to as AAUP) is an organization similarly situated to plaintiff organization. The AAUP consists of faculty employees of Florida State University and has as its purpose the protection and promotion of the economic and professional interests of that faculty. The Florida State University Chapter of the AAUP advocates and has followed a course of informal negotiations as its method of securing improved salaries and working conditions.[2] The AAUP has enjoyed use of campus facilities and equipment at all material times since November 19, 1971.

6. At no time has the plaintiff organization or any other organization engaged in collective bargaining with the university or any state agency; Executive Order No. 71–20 explicitly prohibits collective bargaining between a state agency, officer or employee and any labor organization, association, fraternal order or professional society. The practices and activities which the plaintiff organization might observe if given the opportunity and those which the AAUP has followed with regard to collective bargaining are substantially the same. Whatever technical distinctions exist between these two organizations are insubstantial and do not affect the legal conclusion regarding the equality of treatment accorded these plaintiffs.

## CONCLUSIONS OF LAW

■ 1. The Court has jurisdiction over the parties to and the subject matter of this action pursuant to Title 28, United States Code, Section 1343(3); the basis for invoking jurisdiction is contained in Title 42, United States Code, Section 1983 and the Fourteenth Amendment to the United States Constitution.

· ■ 2. The defendants are instrumentalities or agents of the State of Florida and the acts complained of are done under color of state law such as to make operable the provisions of Title 42, United States Code, Section 1983 and the Fourteenth Amendment to the United States Constitution.

■ 3. The defendants have permitted the AAUP the use of university facilities and have denied the same use to plaintiffs, a similarly situated organization. There is no question that a state or its instrumentality may regulate the use of its public facilities. But in so doing, it must act in a reasonable and nondiscriminatory manner equally applicable to all and administered with equality to all. See e. g. Brown v. State of Louisiana, 383 U.S. 131, 86 S.Ct. 719, 15 L.Ed.2d 637 (1966).

Departure from the foregoing principle of law is excused only where some appropriate governmental interest is suitably furthered by the differential course of treatment exercised by the state. Police Department of Chicago v. Mosley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972).

■ It is conceded by the parties that the presence of the plaintiff organization on the campus of Florida State University would not constitute a threat of disruption. It also appears that no compelling interest of the university or of the State of Florida is served by defendants' treatment prohibiting plaintiffs' use of university facilities. Further the Court notes that defendants have not shown that a thorough investigation was ever conducted to determine that plaintiff organization was not in fact similarly situated to other "user" organizations.[3]

---

2. The national chapter of AAUP in its recent newsletter Vol. XXI, No. 43, approved collective bargaining as a "major additional way of realizing its goals in higher education".

3. See Turnbull deposition page 15. The sole criticism suggested for the different treatment given plaintiffs is based upon the alleged advocacy of that group. Although the posture of this cause in this

It therefore appears that the treatment accorded plaintiffs is in furtherance of no state interest and thus is constitutionally arbitrary conduct. The Court is of the view that defendants have impermissibly deprived plaintiffs of the equal protection of the laws. There being no genuine issue as to any material fact and the Court being of the opinion that plaintiffs are entitled to judgment as a matter of law, it is therefore,

Ordered:

■ That the defendants J. J. Daniel, Marshall M. Criser, Chester H. Ferguson, James T. Gardener, E. W. Hopkins, Jr., Julius F. Parker, D. Burke Kibler II, Mrs. Carolyn Pearce, and Jack McGriff as and comprising the Florida Board of Regents, Reubin Askew, Tom Adams, Doyle Conner, Floyd Christian, Fred O. Dickinson, Richard Stone, Robert L. Shevin, and Thomas D. O'Malley, as and comprising the State Board of Education, Floyd Christian as Commissioner of the Board of Education and Stanley Marshall as President of Florida State University, be and the same are hereby enjoined from further treatment of plaintiffs Florida State University Chapter, Local 1880, and Roy Ingham, in a manner which denies to them equal benefits of the law and the above named individuals are expressly directed to make available to plaintiffs the use of university facilities consistent with that use allowed other similarly situated organizations; and

■ That plaintiffs' request for attorneys' fees be and the same is hereby denied. The parties shall bear their own expenses.

court does not involve a claim for deprivation of First Amendment rights the Court is constrained to observe that the responsibilities on universities and their administrators and the courts in the area of First Amendment rights are well defined in this circuit. Arbitrary and unbridled censorship of advocacy which neither incites unlawful conduct nor materially interferes with a substantial gov-

ernmental interest cannot be tolerated. Brooks v. Auburn University, 412 F.2d 1171 (5th Cir. 1969) "The vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools." Shelton v. Tucker, 364 U.S. 479, 487, 81 S.Ct. 247, 251, 5 L.Ed.2d 231 (1960). See also Bazaar v. Fortune et al., 476 F.2d 570, 5th Cir. 1973.