[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15802
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00198-CV-WLS-1

HIGHLAND PROPERTIES,
a Georgia Joint Venture,
HOME BUILDERS ASSOCIATION OF ALBANY &
SOUTHWEST GA., INC.,

Plaintiffs-Appellants,

versus

LEE COUNTY UTILITIES AUTHORITY,

Defendants-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 29, 2006)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Highland Properties and Homebuilders Association of Albany and Southwest Georgia (Highland Properties) appeal the district court's judgment in favor of Lee County Utilities Authority (the Authority) after a bench trial. Highland Properties asserts the district court erred in holding: (1) Highland Properties is not similarly situated to the Water Plentiful subdivisions, and (2) Highland Properties failed to prove the Authority had no rational basis for treating Highland Properties differently than the Water Plentiful subdivisions. We conclude the district court did not err, and affirm.

## I. BACKGROUND

A. *Water Plentiful Subdivisions*

Water Plentiful contracted with the owners and developers of four separate subdivisions to provide water and sewer services between 1992 and 1995. Each subdivision had a separate provision for the amount charged for water tap and water meter fees. On June 4, 1997, the Authority purchased the water and sewer systems of Water Plentiful, Inc., that serviced the four subdivisions. The Authority agreed to comply and carry out the existing provisions of the subdivision contracts. On October 16, 1997, the Authority promulgated "A Resolution Establishing Rates and For Other Purposes" expressly adopting the water tap fees, water meter fees, and rates as provided under the subdivision

contracts as the rate structure for the respective subdivisions. In August of 1999, the Authority promulgated a resolution revising the water and sewer tap fees for all other subdivisions in Lee County and expressly incorporated the rate structure under the Authority/Water Plentiful contract for the subdivisions. For all four subdivisions, the water tap and water meter fees remained the same as they were before acquisition by the Authority. The Authority has consistently abided by the Authority/Water Plentiful contract.

B. *Highland Properties/Agunac*

In November 1997, Highland Properties, acting in a joint venture with Jowers Construction Company, began development of approximately 160 residential units located off of U.S. 19 in Lee County, Georgia, known as North Highland Crossing subdivision. Highland Properties entered into a contract with Agunac, Inc., a private water and sewer provider, whereby Agunac agreed to provide a water and sewer system to North Highland Crossing. The contract provided, in part that "[i]n the event water and sewer are obtained for North Highland Crossing Subdivision from Agunac or its successor, then there shall be no tap fees charged for North Highland Crossing[']s subdivision lots to hook up to the Agunac water and sewer system." Additionally, the contract provided Agunac an option to terminate the agreement at any time. There was no provision in the

agreement that required written or verbal notice of termination to Highland Properties.

On March 25, 1998, the Authority condemned the Agunac private water and sewage system servicing North Highland Crossing subject to the contract. On June 5, 1998, an "Award of Special Master" was entered in the condemnation action awarding $6,994,798 to the condemnees, $6,950,000 of which was awarded to Agunac. There was no appeal filed in the condemnation action.

After the condemnation, Jowers began constructing residential units in North Highland Crossing. Jowers met with Kenneth Christopher Boswell, General Manager of the Authority, to discuss the Highland Properties/Agunac agreement that stated Highland Properties was not supposed to pay any water tap fees or sewer tap fees for North Highland Crossing. Boswell told Jowers the Authority now owned the water and sewer system and that Jowers would have to pay the water and sewer tap fees for North Highland Crossing until the Authority told him otherwise.

On December 22, 2000, the Authority voted to terminate the Highland Properties/Agunac agreement. That same day, an attorney for the Authority wrote a letter to the attorney for Highland Properties stating it was the Authority's position the Highland Properties/Agunac agreement was unenforceable under

Georgia law. In the event the agreement was enforceable, the Authority was exercising its option to terminate the agreement at will.

Highland Properties filed a complaint in the district court asserting the Authority was violating: (1) the Equal Protection Clause of the Fourteenth Amendment because there was no rational basis for treating Highland Properties differently than the Water Plentiful subdivisions, (2) the Contracts Clause of the United States Constitution, (3) the Takings Clause of the United States Constitution, and (4) Georgia statutory condemnation procedures. The parties mutually agreed to drop all claims except the Equal Protection claim. The district court held a bench trial and entered an order in favor of the Authority. The district court concluded Highland Properties did not show they were similarly situated to the Water Plentiful subdivisions or that the Authority had no rational basis for treating them differently than the Water Plentiful subdivisions.

## II.  DISCUSSION

"On appeal of a district court order from a bench trial, we review the court's conclusions of law *de novo* and its findings of fact for clear error." *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 873 (11th Cir. 2005). "The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall deny to any person within its jurisdiction the equal protection of the laws."

5

*Nordlinger v. Hahn*, 112 S. Ct. 2326, 2331 (1992) (quotations omitted). The Clause prevents the government "from treating differently persons who are in all relevant respects alike." *Id.* When state economic activity is challenged and there is no claim of discrimination based on some suspect class, then the state activity is presumed valid unless it is not rationally related to a legitimate state interest. *Foto USA, Inc. v. Bd. of Regents of the Univ. Sys.*, 141 F.3d 1032, 1037-38 (11th Cir. 1998).

A. *Similarly Situated*

The district court did not err in finding Highland Properties is not similarly situated to Water Plentiful. The Highland Properties contract provided for a termination of the contract at will, while the Water Plentiful contracts did not. Highland Properties' contract with Agunac contained a provision permitting Agunac to terminate the contract without notice to Highland Properties, while the Water Plentiful contracts required its pre-existing contracts be honored by the Authority. As Agunac's legal successor, the Authority was permitted to terminate the contract at will. Thus, Highland Properties and Water Plentiful are not in all relevant aspects alike, and are not similarly situated. *See Nordlinger*, 112 S. Ct. at 2331.

B. *Rational Basis*

The district court also did not err in finding the Authority had a rational basis for treating Highland Properties and the Water Plentiful subdivisions differently. The Authority had a legitimate interest in not breaching the Water Plentiful subdivisions contracts, and thus had to adhere to the pre-existing Water Plentiful fees and rates. Conversely, the Authority was not bound by the Highland Properties/Agunac agreement, and had a legitimate economic interest in raising the rates to match those of the rest of the county. Thus, the Authority had a rational basis for its actions. *See Foto USA*, 141 F.3d at 1037-38.

### III. CONCLUSION

The district court did not err in finding Highland Properties and Water Plentiful were not similarly situated. Additionally, the district court did not err in finding the Authority had a rational basis for the disparate treatment of the properties.

AFFIRMED.