RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0208P (6th Cir.)
File Name: 03a0208p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: SERVICE MERCHANDISE
COMPANY, INC., et al.,
                    *Debtors.*

---

H.J. WILSON COMPANY, INC.,
                    *Appellant,*

v.

COMMISSIONER OF REVENUE
FOR THE COMMONWEALTH OF
MASSACHUSETTS,
                    *Appellee.*

No. 01-6050

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-00200—George C. Paine III, Bankruptcy Judge;
Todd J. Campbell, District Judge.

Argued: June 17, 2003

Decided and Filed: June 24, 2003

Before: MARTIN, Chief Circuit Judge; KRUPANSKY
and COLE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Charles F. Smith, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, Chicago, Illinois, for Appellant. Jeffrey S. Ogilvie, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE LITIGATION BUREAU, Boston, Massachusetts, for Appellee. **ON BRIEF:** Charles F. Smith, John William Butler, Jr., SKADDEN, ARPS, SLATE, MEAGHER & FLOM, Chicago, Illinois, Paul G. Jennings, Beth A. Dunning, BASS, BERRY & SIMS, Nashville, Tennessee, for Appellant. Jeffrey S. Ogilvie, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE LITIGATION BUREAU, Boston, Massachusetts, David T. Axford, KITCH & AXFORD, Nashville, Tennessee, for Appellee.

---

## OPINION

---

BOYCE F. MARTIN, JR., Chief Circuit Judge. This case raises an interesting question of sovereign immunity, specifically the question of whether the states gave up their sovereign immunity in bankruptcy matters under the Constitution. The case concerns an appeal from the district court, reversing a pretrial order of the bankruptcy court. H.J. Wilson seeks a refund of sales and use taxes. The bankruptcy court ruled that Massachusetts' sovereign immunity was abrogated by the Constitution, denying a motion to dismiss for lack of subject matter jurisdiction. The bankruptcy court further denied a motion to dismiss claiming that the proceeding was not a core proceeding. The district court reversed the bankruptcy court, finding that Massachusetts enjoyed sovereign immunity from suit in this bankruptcy issue, under *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). As a result of this court's recent holding in *In re*

*Hood*, 319 F.3d 755 (6th Cir. 2003), we REVERSE and REMAND.

H.J. Wilson is a wholly-owned subsidiary of Service Merchandise. As part of their corporate structure, Service Merchandise performs several services for H.J. Wilson and other subsidiaries. These services include payroll, advertising, payment of rent, accounting, etc. Service Merchandise then allocates a proportional share of these expenses to each subsidiary. H.J. Wilson timely filed Foreign Business or Manufacturing Corporate Excise Returns over several years, deducting their apportioned amount of the expenses Service Merchandise shouldered.

Sometime thereafter, the Commissioner of Revenue for the Commonwealth of Massachusetts assessed corporate excise taxes, interest, and penalties against H.J. Wilson. The Commissioner disallowed the deduction for a portion of the expenses. H.J. Wilson paid the assessments and then requested an abatement of the taxes assessed. The Commissioner denied the request, although those assessments are on appeal before the Massachusetts Appellate Tax Board.

In March of 1999, Service Merchandise and H.J. Wilson filed voluntary petitions in the bankruptcy court for Chapter 11 reorganization relief. In August of 2000, H.J. Wilson commenced this adversary proceeding seeking the refund of those assessments related to the corporate excise taxes. H.J. Wilson also seeks a determination that it does not owe those excise taxes in general.

In September of 2000, the Commissioner filed amended Proofs of Claim Numbers 4845 and 4846, superseding Proof of Claim Number 375, filed in May of 1999. These amended Proofs of Claim included claims for sales taxes from 1996 through 1999. Shortly thereafter, in October, the Commissioner filed a motion to dismiss H.J. Wilson's complaint on the grounds that the court lacked jurisdiction under the Eleventh Amendment and principles of sovereign immunity. In November, the Commissioner filed motions to

determine whether or not the issue was a core proceeding and whether or not mandatory or discretionary abstention applied.

In February of 2001, the bankruptcy court denied the Commissioner's motion to dismiss, denied the motion for determination that the adversary proceeding was not a core proceeding, and denied the motion for mandatory or discretionary abstention. The bankruptcy court ruled that it appropriately had jurisdiction over the case under Section 505 of the Bankruptcy Code. It further ruled that sovereign immunity did not apply in this case and that abstention was inappropriate.

The Commissioner appealed this ruling to the District Court for the Middle District of Tennessee. The district court reversed the ruling of the bankruptcy court, finding that that court had no jurisdiction over the Commissioner. Massachusetts was entitled to sovereign immunity, according to the district court, and the Commonwealth did not waive that immunity when it filed Proofs of Claim against H.J. Wilson.

We discussed the proper standard of review for a case like this one in *In re Gibson Group, Inc.*, 66 F.3d 1436, 1440 (6th Cir. 1995), when we said, "[W]e review the judgment of the bankruptcy court directly, and follow its findings of fact unless clearly erroneous. As to its conclusions of law, however, our review is de novo."

There are four questions lurking in this case, although not all of them are before us today: 1)is the Commissioner entitled to sovereign immunity; 2)is this matter a core proceeding; 3)related, is abstention appropriate; and 4)assuming sovereign immunity exists, did the Commissioner waive that immunity by filing Proofs of Claim against H.J. Wilson?

The question this court must answer is the first, whether or not the Commissioner is entitled to immunity from suits in bankruptcy. While this issue was a novel one to this court during the pendency of this litigation in the bankruptcy court

and in the district court, it has since been resolved. Very recently, a panel of this court determined that no sovereign immunity exists as to bankruptcy matters. *In re Hood*, 319 F.3d at 768. We said, "At the Constitutional Convention, the states granted Congress the power to abrogate their sovereign immunity under Article I, section 8. In 11 U.S.C. § 106(a), Congress used that power to grant states a benefit they had sought." *Id.* The panel opinion thoroughly explored the *Seminole Tribe* "framework," *id.* at 761-62, the Constitutional basis, *id.* at 763-64, the "Framers' [u]nderstanding of the [b]ankruptcy [p]ower," *id.* at 764-65, the "States' [c]eding of [s]overeign [i]mmunity," *id.* at 765-66, and the debates over ratification, *id.* at 766-67. For the reasons set forth in the *Hood* case, we hold that the Commissioner is not entitled to sovereign immunity in this matter.

Because we hold that there is no sovereign immunity in this case, we make no holding as to waiver. Nevertheless, two related questions remain. The district court did not consider the core proceeding and abstention questions, because it found that sovereign immunity existed. The Commissioner recommends that we remand those questions for the district court's determination, citing *Amelkin v. McClure*, 205 F.3d 293 (6th Cir. 2000), and *Allen v. Board of Education, Unified School District*, 68 F.3d 401 (10th Cir. 1995). We agree with the Commissioner that, "It is for the district court to 'determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases,'" with regard to abstention. *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996).

For the foregoing reasons, we REVERSE the decision of the district court and REMAND for further proceedings consistent with this opinion.