**In re QUALITY STORES, INC., et al., Debtors.**

**Quality Stores, Inc., et al., Plaintiffs,**

**v.**

**Vermont Department of Taxes, Defendant.**

**Bankruptcy No. GG 01–10662. Adversary No. 04–88336.**

United States Bankruptcy Court, W.D. Michigan.

March 17, 2005.

Janet S. Baer, Rachel R. Schulman, Kirkland & Ellis, LLP, Chicago, IL, for Debtors Quality Stores, Inc., et al.

Stephen W. Gould, Vermont Special Assistant Attorney General, Montpelier, Vermont (on brief), Karen R. Cordry, National Association of Attorneys General and State of Vermont Special Assistant Attorney General, Washington, D.C., for Defendant Vermont Department of Taxes.

## *OPINION REGARDING DEFENDANT'S MOTION TO DISMISS ON BASIS OF SOVEREIGN IMMUNITY*

JAMES D. GREGG, Bankruptcy Judge.

### *I. JURISDICTION*

The court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. The case and all related proceedings have been referred to this court for decision. 28 U.S.C. § 157(a) and L.R. 83.2(a) (W.D.Mich.). This adversary proceeding is a core proceeding because it concerns the administration of the debtors' estate, 28 U.S.C. § 157(b)(2)(A) and involves turnover of property of the estate, 28 U.S.C. § 157(b)(2)(E).

### *II. ISSUE*

Do principles of sovereign immunity deprive this court of jurisdiction to hear and determine the Debtors' request for sales tax refunds from the Vermont Department of Taxes under § 505(a) of the Bankruptcy Code? [1]

### *III. FACTS AND PROCEDURAL BACKGROUND*

This chapter 11 case was commenced on October 20, 2001, with the filing of an involuntary petition against Quality Stores, Inc. On November 1, 2001, Quality Stores, Inc., consented to the entry of an order for relief and the other Debtors (referred to collectively herein as "Quality") filed voluntary chapter 11 petitions. The cases were jointly administered and this court entered an order confirming Quality's First Amended Joint Plan of Reorganization on May 3, 2002.

On April 23, 2004, Quality filed this adversary proceeding against the Vermont Department of Revenue (hereinafter "Vermont") under § 505(a).[2] Quality's complaint seeks turnover of $10,809.28, plus accrued interest and costs, for alleged sales tax overpayments made to Vermont during fiscal years 2000 and 2001.[3]

---

1. The Bankruptcy Code is contained in 11 U.S.C. §§ 101–1330. Unless stated to the contrary, all future statutory references are to the Bankruptcy Code, e.g., "§ _____."

2. Quality amended its complaint to name the Vermont Department of Taxes as defendant on May 11, 2004. The Vermont Department of Taxes is a "governmental unit" as that term is defined in § 101(27).

3. In addition to the Vermont adversary proceeding, Quality filed six other complaints against various state and municipal taxing authorities on April 23, 2004. Quality has also filed several similar adversary proceedings since April 2004. Other taxing authorities have filed motions to dismiss in the adversary proceedings that remain pending. However, to date, Vermont and the State of Alabama Department of Revenue are the only

In August 2003, Quality filed amended sales tax returns for 2000 and 2001, requesting a total refund of $10,809.28. After two requests for additional information, which Quality provided, Vermont denied the refund request on September 25, 2003. Vermont based its denial of the refund on Quality's failure to retain cash register tapes that would have detailed and substantiated its request.

Quality appealed this decision to the Commissioner of Taxes for the State of Vermont, and a hearing on the issue was held on December 16, 2003. On April 9, 2004, the Commissioner issued a ruling again denying Quality's refund request. The Commissioner's opinion recognized that Quality's original sales and use taxes returns were "incorrectly calculated." Notwithstanding, the Commissioner found that Vermont's inability to audit Quality's records precluded allowance of Quality's refund request. The Commissioner explained that allowing the refund would be improper because Vermont "[could] no longer locate other errors from [Quality's] records that would potentially reduce or negate any refund." It is undisputed that Vermont never filed a request to perform such an audit in Quality's bankruptcy case.[4]

On May 24, 2004, Vermont filed a motion to dismiss this adversary proceeding. Vermont's motion asserts that its Eleventh Amendment sovereign immunity deprives this court of jurisdiction to hear and determine this adversary proceeding. Vermont further argues that its sovereign immunity may not be abrogated by Congress through § 106, nor overcome by the bankruptcy court's *in rem* jurisdiction.[5]

## IV. DISCUSSION

■ Eleventh Amendment sovereign immunity limits the subject matter jurisdiction of the federal courts. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 64, 116 S.Ct. 1114, 1127, 134 L.Ed.2d 252 (1996). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. As interpreted by the courts, the Eleventh Amendment not only bars suits against states and their agencies in federal court brought by citizens of other states, but also prohibits suits brought by the state's own citizens. *Hans v. Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890).

■ However, state sovereign immunity is not unlimited. Private suits against a state may proceed in federal court "if the state waives its sovereign immunity or if Congress, acting pursuant to a valid constitutional authority, abrogates the state's sovereign immunity." *Hood v. Tenn. Student Assistance Corp. (In re Hood),* 319 F.3d 755, 760 (6th Cir.2003), *aff'd on other*

---

defendants that have raised the issue of sovereign immunity.

4. On April 11, 2002, Vermont filed an unsecured priority claim in the amount of $2,716.88 (Claim # 5107). Quality objected to the claim as untimely, and the claim was expunged pursuant to a court order entered on November 21, 2002.

5. During oral argument, the attorney for Vermont acknowledged that the outcome of its motion to dismiss is governed by the Sixth Circuit's holding in *Hood v. Tenn. Student Assistance Corp. (In re Hood),* 319 F.3d 755, 760 (6th Cir.2003), *aff'd on other grounds,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004), but indicated that the motion was brought with the intent of preserving the issue for possible appeal. *See* Transcript of August 20, 2004 Hearing on Motions to Dismiss at 12.

*grounds,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

Section 106(a) of the Bankruptcy Code represents one such abrogation of the states' sovereign immunity. Congress enacted § 106(a) pursuant to its Article I bankruptcy powers.[6] U.S. CONST. art. I, § 8, cl. 4. Section 106(a)(1) provides that, "[n]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to ... [sections] 505 ... [and] 523 of this title." Section 106(a)(2) further states that "[t]he court may hear and determine any issue arising with respect to the application of such sections to governmental units."

■ To determine whether § 106 represents a valid Congressional abrogation of sovereign immunity, courts apply the framework articulated by the United States Supreme Court in *Seminole Tribe,* 517 U.S. at 55, 116 S.Ct. at 1123. The *Seminole Tribe* inquiry mandates consideration of whether Congress has " 'unequivocally expresse[d] its intent to abrogate the immunity' " and whether Congress has acted " 'pursuant to a valid exercise of power.' " *Id.* (quoting *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 429, 88 L.Ed.2d 371 (1985)).

The Sixth Circuit Court of Appeals has examined § 106 in light of this standard and has determined that the statute represents an unequivocal and valid Congressional abrogation of the states' sovereign immunity. *In re Hood,* 319 F.3d at 762.

*See also H.J. Wilson Co. v. Comm'r of Revenue of Mass. (In re Service Merchandise Co.),* 333 F.3d 666 (6th Cir.2003), *cert. denied,* 541 U.S. 1063, 124 S.Ct. 2388, 158 L.Ed.2d 963 (2004) (state sovereign immunity does not bar a debtor from suing a state to recover overpaid taxes under § 505). In *Hood,* the debtor filed an adversary proceeding against the Tennessee Student Assistance Corporation ("TSAC"), seeking to have student loan debts held by TSAC discharged under § 523(a)(8). TSAC filed a motion to dismiss the complaint on the grounds of sovereign immunity. The bankruptcy court denied the motion and the Bankruptcy Appellate Panel for the Sixth Circuit affirmed.

The Sixth Circuit Court of Appeals also affirmed. With regard to the first prong of the test, the court had little trouble concluding that Congress clearly expressed its intent to abrogate state sovereign immunity when it enacted § 106(a). *In re Hood,* 319 F.3d at 762. After a detailed analysis of the Constitutional text and the Framers' intent, the court also concluded that this abrogation of state sovereign immunity was undertaken pursuant to sufficient authority, thus satisfying the second prong of the *Seminole Tribe* test. *Id.* at 767.

On further appeal, the United States Supreme Court affirmed the result in *Hood.* However, the Supreme Court expressly declined to decide the issue of whether § 106 represents a valid Congressional abrogation of state sovereign immunity.[7] *Tennessee Student Assistance Corp.*

---

**6.** Article I, § 8 of the Constitution, commonly referred to as the "Bankruptcy Clause," gives Congress the power "[t]o establish ... uniform Laws on the subject of Bankruptcies throughout the United States." U.S. CONST. art. I, § 8, cl. 4.

**7.** The dissenting opinion indicates that Justices Thomas and Scalia would have reached the broader issue and would have concluded that "Congress lacks authority to abrogate state sovereign immunity under the Bankruptcy Clause" because the Supreme Court has "repeatedly stated" that Congress may not abrogate sovereign immunity through its Article I powers. *Id.* at 1915, 1920.

*v. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 1908, 158 L.Ed.2d 764 (2004). Instead, the Supreme Court held that "a proceeding initiated by a debtor to determine the dischargeability of a student loan debt is not a suit against the State for purposes of the Eleventh Amendment." *Id.* The Court explained that a bankruptcy court's jurisdiction over dischargeability proceedings is derived from its *in rem* jurisdiction over a debtor's property and property of the bankruptcy estate. *Id.* at 1910. Because the Court determined that a bankruptcy court's "exercise of its *in rem* jurisdiction to discharge a debt does not infringe state sovereignty," it did not reach the larger issue addressed by the Sixth Circuit. *Id.* at 1911.

■ In this adversary proceeding, Quality seeks to have this court determine its alleged entitlement to a tax refund from Vermont as permitted by § 505(a). The complaint seeks a money judgment against Vermont in the amount of $10,809.28, plus accrued interest and costs. Thus, this proceeding differs from the dischargeability action in *Hood,* in that it "seeks affirmative relief from the state through a coercive judicial process," and it appears that this court's "jurisdiction over it is premised on the persona of the state, not on the res of the debtor's property." *Georgia Higher*

*Educ. Assistance Corp. v. Crow (In re Crow),* 394 F.3d 918, 921 (11th Cir.2004) (per curiam) (citing *Hood,* 124 S.Ct. at 1912). In this context, the Supreme Court's reasoning in *Hood* seems inapposite. With regard to the propriety of Congress's abrogation of state sovereign immunity under § 106(a), the bankruptcy courts within the Sixth Circuit are, and remain, bound by the Sixth Circuit's holdings in *Hood* and *Service Merchandise.*[8] Accordingly, this court holds that sovereign immunity does not bar this adversary proceeding against Vermont.[9]

## V. CONCLUSION

This adversary proceeding seeks a money judgment against Vermont under § 505(a) and does not involve this court's *in rem* jurisdiction. In this instance, the Court's decision in *Hood* does not govern. This bankruptcy court is bound by, and agrees with, the Sixth Circuit's holdings in *Hood* and *Service Merchandise* that § 106(a) represents a valid Congressional abrogation of state sovereign immunity. Vermont's sovereign immunity does not preclude this court from exercising jurisdiction over this adversary proceeding, and Vermont's motion to dismiss must therefore be DENIED.

**8.** The court notes that the Circuit Courts of Appeals remain split on this issue. *See, e.g., Georgia Higher Educ. Assistance Corp. v. Crow (In re Crow),* 394 F.3d 918, 921 (11th Cir. 2004) (per curiam); *Nelson v. La Crosse County Dist. Attorney (In re Nelson),* 301 F.3d 820, 832 (7th Cir.2002); *Mitchell v. Franchise Tax Bd. (In re Mitchell),* 209 F.3d 1111, 1121 (9th Cir.2000); *Sacred Heart Hosp. of Norristown v. Pennsylvania (In re Sacred Heart Hosp. of Norristown),* 133 F.3d 237, 243 (3d Cir.1998); *Dep't of Transp. & Dev. v. PNL Asset Mgmt. Co., LLC (In re Fernandez),* 123 F.3d 241, 243 (5th Cir.1997), *amended by* 130 F.3d 1138, 1139 (5th Cir.1997); *Schlossberg v. Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140, 1145–47 (4th Cir.1997), *cert. denied,* 523 U.S. 1075,

118 S.Ct. 1517, 140 L.Ed.2d 670 (1998); *see also Straight v. Wyoming Dep't of Transp. (In re Straight),* 248 B.R. 403, 416–21 (Bankr.10th Cir.2000). Many of these cases involved dischargeability actions which, in accordance with the Supreme Court's decision in *Hood,* do not implicate the Eleventh Amendment. Notwithstanding, their underlying reasoning remains relevant on general issues regarding Congressional abrogation of sovereign immunity in bankruptcy proceedings. *See In re Crow,* 394 F.3d at 921 n. 1.

**9.** At this time, the court makes no determination regarding issues, including permissive abstention, raised by taxing authorities in other adversary proceedings involving Quality.

A separate order shall be entered accordingly.